FILED
NOVEMBER 16, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS—EASTERN DIVISION

| | | |
|---|---|---|
| BLUESTAR ENERGY SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | **07 C 6528** |
| | ) | |
| BLUE STAR ENERGY, INC., | ) | **JUDGE ZAGEL** |
| | ) | **MAGISTRATE JUDGE DENLOW** |
| Defendant. | ) | |

### VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Plaintiff BlueStar Energy Services, Inc. ("BlueStar Energy"), by and through its attorneys, Scandaglia & Ryan, and hereby brings its Verified Complaint for Preliminary and Permanent Injunctive Relief and Damages against Defendant Blue Star Energy, Inc. ("BSE Colorado"). BSE Colorado is engaging in trademark infringement and unfair competition in its use of the service mark BLUE STAR ENERGY, which infringes on BlueStar Energy's protected service marks BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES. BlueStar Energy seeks a preliminary and permanent injunction preventing BSE Colorado from using now or in the future BLUE STAR ENERGY or any service mark substantially similar to BLUESTAR ENERGY or BLUESTAR ENERGY SERVICES.

In further support, BlueStar Energy states as follows:

1

## JURISDICTION AND VENUE

1. This is an action for trademark infringement and unfair competition brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for common law unfair competition under the laws of the State of Illinois.

2. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338 (a) and (b), and supplemental jurisdiction under 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over BSE Colorado pursuant to the Illinois Long-Arm Statute, 735 ILCS 5/2-209(a)(1)-(2). Specifically, BSE Colorado has caused economic injury to BlueStar Energy in the State of Illinois through BSE Colorado's unlawful acts of trademark infringement. In addition, BSE Colorado has announced its intention, through SEC filings and other means, of seeking investors throughout the United States, including Illinois.

4. Venue is proper under 28 U.S.C. 1391(b)(1) and (c), as BSE Colorado is a corporation subject to personal jurisdiction in this judicial district.

## PARTIES

5. Plaintiff BlueStar Energy is an Illinois corporation with a principal place of business in Chicago, Illinois.

6. Defendant BSE Colorado is a corporation organized under the laws of the State of Colorado.

## FACTS COMMON TO ALL ALLEGATIONS

### BlueStar Energy

7. BlueStar Energy incorporated in the State of Illinois on April 5, 2002.

8. BlueStar Energy's website <www.bluestarenergy.com> has been in continuous operation since November 2002.

9. BlueStar Energy is an independent retail electric supplier unaffiliated with any utility.

10. BlueStar Energy sells electricity and related services to commercial and industrial customers.

11. BlueStar Energy is one of the fastest-growing energy suppliers in the nation, and is currently certified to sell electricity in Illinois, Maryland and the District of Columbia. Certification is pending in Michigan and New York. BlueStar Energy also provides energy efficiency solutions in Illinois as well as in jurisdictions that have not yet restructured their electricity markets.

12. BlueStar Energy intends to continue to expand its business nationally, and its retail electricity business growth is dependent in part on the deregulation of the energy industry by State legislatures. Expansion of its energy efficiency solutions program is not geographically restricted by legislative concerns, and BlueStar Energy is able to offer those services to customers on a nationwide basis.

13. In addition, BlueStar Energy's business plan includes the possibility of purchasing facilities to generate electricity, which could then be sold directly to customers by BlueStar Energy or sold on the wholesale market to other electricity suppliers.

14. To facilitate its business plan, BlueStar Energy has and continues to seek investment and financing on a national and international basis. In this respect, BlueStar Energy has contemplated a variety of options to facilitate the growth of its business including private equity investment and, ultimately, a public offering of BlueStar Energy stock.

15. The BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES service marks have been used by BlueStar Energy since 2002 to designate its energy services corporation.

16. BlueStar Energy has used these service marks since 2002 in Illinois, since 2005 in Maryland, and since 2005 in Washington D.C., and has been expanding its business nationally as States have deregulated their energy utilities.

17. BlueStar Energy uses these service marks on its website, in correspondence, in direct sales, in billing, in legislative efforts, and in advertising and marketing.

18. Through these actions, BlueStar Energy has acquired a protectable interest in the BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES service marks in connection with BlueStar Energy's business.

19. On, April 17, 2007, BlueStar Energy applied to register with the United States Patent and Trademark Office the following two service marks: BLUESTAR ENERGY SERVICES (standard characters) (Application Serial No. 77155999) and BLUESTAR ENERGY SERVICES (stylized and/or with design) (Application Serial No. 77158772). The applications are currently pending and have not matured into registrations.

20. BlueStar Energy also owns and has a protectable interest in BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES service marks pursuant to 15 U.S.C. § 1125, 815 ILCS 510/2 *et seq.*, and the common law.

### **BSE Colorado**

21. BSE Colorado was organized in Colorado in 2005, and is "engaged in the acquisition, exploration and development of oil and gas properties." (*See* Exhibit A, Offering Memorandum, at 3.)

22. BSE Colorado owns a "21.75% interest in one undeveloped prospect comprised of 160 gross leased acres (34.8 net acres) . . . which contains one oil and gas well in . . . northeastern Colorado. The well located on this prospect is presently shut-in and not producing." (*See* Ex. A at 3.)

23. BSE Colorado is a "new business with no operating history." (*See* Ex. A at 5.)

24. BSE Colorado has "no proved oil and gas reserves" on its property. (*See* Ex. A at 5.)

25. BSE Colorado is exploring installing a "modern natural gas-fired generator to produce electricity to be sold into the local electric grid" and is considering "constructing a gathering system for gas production and delivery." (*See* Ex. A at 3.)

26. BSE Colorado presently seeks to solicit investment on a national basis, by seeking regulatory approval to offer its stock to investors throughout the United States (including Illinois), with the goal of having BLUE STAR ENERGY listed on the national OTC Bulletin Board maintained by the NASD. (*See* Ex. A.)

27. BlueStar Energy learned of BSE Colorado's intention to seek investors on a national basis, and on October 16, 2007, BlueStar Energy sent a "Notice of Infringement of BlueStar Energy Services Service Mark" and requested that BSE Colorado cease and desist use of the BLUE STAR ENERGY name as it infringes on BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES. (*See* Exhibit B, 10/16/07 Letter.)

28. Despite BlueStar Energy's demands, BSE Colorado has refused to cease its infringing conduct.

6

## **Injunctive Relief**

29. BlueStar Energy has clearly protectable rights in its service marks BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES, under the Lanham Act, (15 U.S.C. § 1125), the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2(a)(1)-(2)), and Illinois common law.

30. BlueStar Energy will suffer irreparable harm if BSE Colorado is permitted to use BlueStar Energy's service marks in a national offering of stock and/or in any other BSE Colorado business use.

31. BSE Colorado's use of the infringing BLUE STAR ENERGY service mark began after BlueStar Energy began using its BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES marks.

32. BSE Colorado's use of the infringing BLUE STAR ENERGY service mark is likely to cause confusion, mistake, or deception among the relevant consuming public. Consumers will likely believe that BSE Colorado's services are associated or connected with or approved by BlueStar Energy, or that BSE Colorado's services otherwise originate from the same source as BlueStar Energy's services.

33. Money damages cannot fully compensate BlueStar Energy for the resulting public confusion, and thus BlueStar Energy has no adequate remedy at law.

34. As BlueStar Energy has valid, protectable rights in its service marks, will suffer irreparable harm, and has no adequate remedy at law, BlueStar is likely to succeed on the merits of its claim for injunctive relief.

35. The balance of harms weighs in BlueStar Energy's favor, as BSE Colorado is a new business with no operating history that would merely need to change its name, while BlueStar Energy is an established, proven, profitable business that will suffer irreparable harm if BSE Colorado is permitted to offer its stock on a national basis and cause public confusion with its use of BlueStar Energy's service marks.

36. Reducing the likelihood of confusion amongst consumers and investors by enjoining BSE Colorado's use of BlueStar Energy's service marks is in the public interest.

## COUNT I: TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(A))

37. BlueStar realleges paragraphs 1 - 37 as if set forth fully herein.

38. The BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES service marks have been used by BlueStar Energy since 2002 to designate its energy services corporation.

39. BlueStar Energy has used these service marks since 2002 in Illinois, since 2005 in Maryland, and since 2005 in Washington D.C., and has been expanding its business nationally as States have deregulated their energy utilities.

40. Through these actions, BlueStar Energy has acquired a protectable interest in the BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES service marks in connection with BlueStar Energy's business.

41. BSE Colorado's use of the infringing BLUE STAR ENERGY service mark began after BlueStar Energy began using its BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES marks.

42. BSE Colorado's use of the infringing BLUE STAR ENERGY service mark is likely to cause confusion, mistake, or deception among the relevant consuming public. Consumers will likely believe that BSE Colorado's services are associated or connected with or approved by BlueStar Energy, or that BSE Colorado's services otherwise originate from the same source as BlueStar Energy's services.

43. BSE Colorado has engaged in acts of trademark infringement in interstate commerce, and thus has engaged in federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1). The use of the infringing BLUE STAR ENERGY service mark in connection with BSE Colorado's business, in its SEC filings, and in its national stock offering, constitutes use in commerce of a "word, term, name, symbol, or device, or any combination thereof . . . which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person."

## COUNT II: DECEPTIVE TRADE PRACTICE (815 ILCS 510/2(A)(1)-(2))

44. BlueStar realleges paragraphs 1 - 37 as if set forth fully herein.

45. The BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES service marks have been used by BlueStar Energy since 2002 to designate its energy services corporation.

46. BlueStar Energy has used these service marks since 2002 in Illinois, since 2005 in Maryland, and since 2005 in Washington D.C., and has been expanding its business nationally as States have deregulated their energy utilities.

47. Through these actions, BlueStar Energy has acquired a protectable interest in the BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES service marks in connection with BlueStar Energy's business.

48. BSE Colorado's use of the infringing BLUE STAR ENERGY service mark began after BlueStar Energy began using its BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES marks.

49. BSE Colorado's use of the infringing BLUE STAR ENERGY service mark is likely to cause confusion, mistake, or deception among the relevant consuming public. Consumers will likely believe that BSE Colorado's services are associated or connected with or approved by BlueStar Energy, or that BSE Colorado's services otherwise originate from the same source as BlueStar Energy's services.

50. BSE Colorado has engaged in deceptive trade practices, and thus has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a)(1)-(2). The use of the infringing BLUE STAR ENERGY service mark in connection with BSE Colorado's business, in its SEC filings, and in its national stock offering: "(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; [and/or] (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another."

## COUNT III: ILLINOIS COMMON LAW UNFAIR COMPETITION

51. BlueStar realleges paragraphs 1 - 37 as if set forth fully herein.

52. The BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES service marks have been used by BlueStar Energy since 2002 to designate its energy services corporation.

53. BlueStar Energy has used these service marks since 2002 in Illinois, since 2005 in Maryland, and since 2005 in Washington D.C., and has been expanding its business nationally as States have deregulated their energy utilities.

54. Through these actions, BlueStar Energy has acquired a protectable interest in the BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES service marks in connection with BlueStar Energy's business.

55.     BSE Colorado's use of the infringing BLUE STAR ENERGY service mark began after BlueStar Energy began using its BLUESTAR ENERGY and BLUESTAR ENERGY SERVICES marks.

56.     BSE Colorado's use of the infringing BLUE STAR ENERGY service mark is likely to cause confusion, mistake, or deception among the relevant consuming public.  Consumers will likely believe that BSE Colorado's services are associated or connected with or approved by BlueStar Energy, or that BSE Colorado's services otherwise originate from the same source as BlueStar Energy's services.

57.     BSE Colorado has engaged in acts of Illinois common law unfair competition.  The use of the infringing BLUE STAR ENERGY service mark in connection with BSE Colorado's business, in its SEC filings, and in its national stock offering, constitutes unfair competition as it is likely to cause confusion as to the origin, sponsorship, affiliation, or connection between BlueStar Energy and BSE Colorado.

**WHEREFORE**, BlueStar Energy requests that the Court enter a judgment in its favor and against BSE Colorado providing the following relief:

A.   Order, adjudge, and decree that BSE Colorado has violated 15 U.S.C. § 1125(a).

B.   Order, adjudge, and decree that BSE Colorado has violated the Illinois Uniform Deceptive Trade Practices Act.

C.   Order, adjudge, and decree that BSE Colorado has engaged in common law unfair competition.

D.  Issue a preliminary injunction and permanent injunction prohibiting BSE Colorado and its agents, employees, assigns, attorneys, and those persons under its control or in active concert or participation with it from using now or in the future the trade name or service mark BLUE STAR ENERGY, BLUE STAR ENERGY SERVICES, BLUESTAR ENERGY, BLUESTAR ENERGY SERVICES, or any other trade name or service mark substantially similar to BLUESTAR ENERGY or BLUESTAR ENERGY SERVICES.

E.  Award BlueStar Energy all damages available under 15 U.S.C. § 1117 and Illinois common law for BSE Colorado's wrongful conduct.

F.  Award BlueStar Energy its costs, including reasonable attorneys' fees, in bringing this action pursuant to 15 U.S.C. § 1117.

G.  Award such further relief as the Court may deem just and proper.

Respectfully submitted,

BLUESTAR ENERGY SERVICES, INC.

By:  s/ Alan W. Nicgorski
       One of its attorneys

Alan W. Nicgorski (No. 6243574)
Scott E. Rogers (No. 6237984)
Matthew Boyd Steffens (No. 6279855)
SCANDAGLIA & RYAN
55 E. Monroe St., Suite 3930
Chicago IL 60603
(312) 580-2035 (phone)
(312) 782-3806 (fax)

## VERIFICATION

Jon M. Casadont, being first duly sworn, on oath states that he is the Senior Vice President and General Counsel of Plaintiff BlueStar Energy Services, Inc. in the above-captioned matter and that the facts alleged in the Verified Complaint for Declaratory and Injunctive Relief are true.

_____
Jon M. Casadont

Subscribed and Sworn to before me
this 16 day of November, 2007.

_____
Notary Public

OFFICIAL SEAL
ROGER MCMICKLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/11/08